[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I.
The plaintiff's complaint sets out two claims, the first count alleges a cause of action in defamation. The second count alleges negligent infliction of emotional distress.
The plaintiff was a Connecticut state trooper. On May 28, 1994, the defendant was arrested and brought to the state police barracks in Colchester where he was allegedly beaten. In written statements made to the Connecticut state police, the defendant indicated that the plaintiff was responsible. As a result of the defendant's statements, the plaintiff was the subject of an CT Page 3276 internal affairs investigation by the Connecticut state police. The investigation concluded that the plaintiff was not involved in the May 28, 1994 incident.
The plaintiff also alleges that in connection with the incident, the defendant's former attorney made statements to the media concerning the police officers involved in the occurrence.
The defendant has filed a Motion for Summary Judgment asserting that the statements made to the Connecticut state police were for the purpose of having an internal investigation commenced as such are absolutely privileged.
 II.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. In ruling on the summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party"; Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781, 595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exist[s], [and may] not try that issue if it [does] exist."Batick v. Seymour, 186 Conn. 632, 647, 433 A.2d 471 (1988).
The party moving for summary judgment "has the burden of showing the nonexistence of any material fact . . ."; Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984); and "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v. Seymour, supra , 186 Conn. 647. The party resisting summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530.
 III.
Communications to courts or to administrative agencies that exercise quasi-judicial functions have attached to them an absolute privilege against liability concerning the contents of the communication,. Peyton v. Ellis, 200 Conn. 243 and Kelley v.Bonney, 221 Conn. 549. Communications that seek to initiate a CT Page 3277 proceeding in an administrative agency context also enjoy the privilege. DeLaurentis v. New Haven, 220 Conn. 225, 263.
The parties appear to agree that state police investigating proceedings are quasi-judicial. This conclusion finds support in a Superior Court decision Bieluch v. Smith, CV 91-056050 9 CONN. L. RPTR. 197 (1993). Judge Pickett, in Bieluch, supra, ruled that a written complaint to the state police, concerning the alleged misconduct of a state police officer was entitled to an absolute privilege because a quasi-judicial proceeding was involved. Judge Pickett, also granted a Motion for Summary Judgment in Bieluch, supra, in which the plaintiff alleged a cause of action in libel and intentional infliction of emotional harm.
This court finds the decision of Judge Pickett in Bieluch to be persuasive and adopts its rationale in the instant case.
Accordingly, the court finds that the communications by the defendant to the state police are entitled to an absolute privilege and therefore a summary judgment is granted as to those communications only.
This determination does not conclude the issues raised by the Motion for Summary Judgment. While the court has ruled that the communications to the state police are privileged, there is the questions raised by the allegations of the plaintiff in his complaint concerning the conduct of the plaintiff's former attorney, which included interviews with the news media.
"The privilege may be lost by unnecessary or unreasonable publication to one for whom the occasion is not privileged."Kelley v. Bonney, supra at p. 575. The court in Kelley also indicated that publications to a news media is not ordinarily sufficiently related to a judicial proceeding to justify a privileged occasion. Therefore, unnecessary publication to a news media may cause a loss of the privilege. However, if the media were entitled to access to the information in the complaint, then the privilege would remain.
This issue cannot be decided by a summary judgment because genuine issues of material fact are involved.
Accordingly, the court grants the defendant's Motion for Summary Judgment as to the communication to the state police but not as to the communications to the news media by defendant's CT Page 3278 former attorney.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT